This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  NO.  29,591

**FERNANDA COBRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Fernanda Cobrera (Defendant) broke into her ex-husband's house and destroyed the personal property of her ex-husband's new girlfriend (Victim), who had recently moved into his house. Defendant was charged and convicted of criminal damage to property over $1000. Defendant argues that the State failed to introduce sufficient evidence regarding the value of the property. We agree and reverse Defendant's conviction.

As we review the case for sufficient evidence to support the verdict, we analyze "whether the evidence . . . could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Sanders*, 117 N.M. 452, 456, 872 P.2d 870, 874 (1994). "When determining the sufficiency of the evidence, the court views the evidence in a light most favorable to the verdict, considering that the [s]tate has the burden of proof beyond a reasonable doubt." *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72.

In this case, the jury was correctly instructed, in accordance with UJI 14-1510 NMRA, that the "Amount of Damage"

> means the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage. If the cost of repair of the damaged property exceeds the replacement cost of the property, the value of the damaged property is the replacement cost.

"It is clear that an owner of personal property may testify concerning the value of the property and that such testimony is sufficient to support a jury's determination of value." *State v. Hughes*, 108 N.M. 143, 145-46, 767 P.2d 382, 384-85 (Ct. App. 1988). Nonetheless, we have consistently held that, to establish value of the goods just prior to the damage, the State must produce evidence of something more than the original cost of the goods. In cases like this, we have determined the evidence to be sufficient when the State has provided evidence of the price of the goods when purchased if such information was coupled with evidence regarding "the age and condition of the goods [when destroyed or stolen,]" *State v. Barr*, 1999-NMCA-081, ¶ 30, 127 N.M. 504, 984 P.2d 185, or "the amount that [the testifying owner], as an informed buyer, would pay for each item in its condition at trial." *Hughes*, 108 N.M. at 146, 767 P.2d at 385.

Here, the State contends that Victim testified "about the cost she paid for these items and the condition the items were in before and after Defendant damaged them[, thus] provid[ing] sufficient evidence for the jury to determine value." After careful review of the record, we conclude that the testimony produced at trial was insufficient to provide the jury with enough evidence to determine the value of the goods prior to being damaged. At trial, the State introduced testimony from Victim about how much it cost her to purchase the property that Defendant damaged. Victim testified that the

3

following items were damaged: a living room set consisting of three sofas and three coffee tables, several paintings, six dining room chairs, dishes for twelve settings, a television, stereo, VCR, and a set of porcelain dolls. She testified that she purchased the living room set for $1900, the paintings for $1400, the dining room set for $550, the stereo for $40, the television for $100, and the collectable doll set for $500. The State also provided photographs of the property in its damaged state.

Yet, none of this evidence informs the jury about the worth of the property at the time it was damaged, or "the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage." UJI 14-1510. The State's reference to Victim testifying about "the condition the items were in before and after Defendant damaged them" merely refers to Victim stating that the items had been "all destroyed as if they had been slashed with a knife" and that the items were not damaged "[p]rior to [Victim] going to work." We know nothing about the age or condition of the goods prior to the crime, the possible cost of repair, or how much it would cost to purchase an equivalent replacement for the goods should the cost of repair exceed the replacement cost.

Testimony solely about purchase price without evidence of present value cannot justify a finding by a rational trier of fact that Defendant, beyond a reasonable doubt,

4

damaged property worth more than $1000. Therefore, we reverse Defendant's conviction for criminal damage to property over $1000.

We also hold that double jeopardy bars retrial because Defendant's conviction was not supported by sufficient evidence. *State v. Sanchez*, 2000-NMSC-021, ¶ 30, 129 N.M. 284, 6 P.3d 486 ("[T]he Double Jeopardy Clause, U.S. Const. art. V, . . . bar[s] retrial if [the d]efendant's convictions are not supported by sufficient evidence."). We remand to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**